MEMORANDUM *
Jonathan Cruz (“Cruz”) was found guilty of importing 9.84 kilograms of marijuana and 4.50 kilograms of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960, and sentenced to the mandatory minimum sentence of ten years. Cruz appeals his *624 conviction and sentence. We have jurisdiction under 28 U.S.C. § 1291. Because we reverse Cruz’s conviction for prosecuto-rial misconduct, we do not reach his other issues.
We review prosecutorial misconduct claims for plain error where defense counsel failed to object before the district court. United States v. Reyes, 660 F.3d 454, 461 (9th Cir.2011). Under plain error review, we will reverse Cruz’s conviction only if the prosecutor’s statements were improper and the statements resulted in substantial prejudice. United States v. Sanchez, 659 F.3d 1252, 1256 (9th Cir.2011).
In rebuttal, the prosecutor argued “[Cruz] is guilty of what he is charged with. Find him guilty and do the right thing and make him finally take responsibility for what he did.” By stating “do the right thing” the prosecutor improperly expressed his personal opinion to the jury. See United States v. McKoy, 771 F.2d 1207, 1210-11 (9th Cir.1985). Without reference to the evidence or the burden of proof, the “do the right thing” statement improperly urged 'the jury to convict on the basis of the prosecutor’s subjective belief of what was “right,” as opposed to the persuasive force of the evidence. See Sanchez, 659 F.3d at 1257 (holding prosecutor’s statement to the jury to “send a memo to all drug traffickers” was improper because it urged the jury to convict for reasons wholly irrelevant to the defendant’s guilt or innocence); United States v. Sanchez, 176 F.3d 1214, 1224-25 (9th Cir.1999) (holding prosecutor’s statement to the jury that it was its duty to find defendant guilty was improper because “the prosecutor did not tell the jury that it had a duty to find the defendant guilty only if every element of the crime had been proven beyond a reasonable doubt.”).
The prosecutor’s “do the right thing” statement was prejudicial to Cruz for several reasons. First, because the prosecutor is the sovereign’s representative, the jury may have been misled into thinking his “do the right thing” statement was validated by the government. See United States v. Kerr, 981 F.2d 1050, 1053 (9th Cir.1992) (“A prosecutor has no business telling the jury his individual impressions of the evidence. Because he is the sovereign’s representative, the jury may be misled into thinking his conclusions have been validated by the government’s investigatory apparatus.”). Second, the court did not give a curative instruction. See Sanchez, 659 F.3d at 1258. Third, the prosecutor’s rebuttal argument was the last thing the jury heard before beginning deliberation; this timing increased the risk that the prosecutor’s improper statement influenced the jurors. Id. at 1261. We reverse Cruz’s convictions and remand for a new trial.
REVERSED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.